KAYE SCHOLER LLP
Richard G. Smolev (RS 2222)
Piper A. Brock (PB 6335)
425 Park Avenue
New York, New York 10022
(212) 836-8000 (telephone)
(212) 836-8689 (facsimile)

*Counsel for Appellant*
*Lone Star Air Partners LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Case No. 05-17923 (ASH) |
| | : | |
| DELTA AIRLINES, INC., *et al.*, | : | Chapter 11 |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

**APPELLANT'S DESIGNATION OF RECORD AND**
**STATEMENT OF ISSUES PRESENTED ON APPEAL**

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Lone Star Air Partners LLC ("Lone Star"), claimant and appellant, by and through its undersigned counsel, hereby designates the following items to be included in the record on appeal from the Order on TIA Transfer Objection 1 ("Order") entered on October 22, 2007, by the Bankruptcy Court of the Southern District of New York (Hon. Adlai S. Hardin, B.J.):

**CONTENT OF RECORD ON APPEAL**

1. Notice of Appeal of Lone Star Air Partners LLC of Order on TIA Transfer Objection 1 [Dkt. No. 6870];

2. Order signed on October 22, 2007 with respect to TIA Transfer Objection 1 [Dkt. No. 6846];

31565954.DOC

3. Decision signed on October 5, 2007 regarding TIA Transfer Objection 1 [Dkt. No. 6771];

4. Objection TIA Transfer Objection 1: Objection by Delta Air Lines, Inc. and the Post-Effective Date Committee to Certain Claims Asserted by Lone Star Air Partners LLC for Tax Indemnities with Respect to Aircraft N636DL, N637DL and N638DL [Dkt. No. 6215];

5. Response of Lone Star Air Partners LLC to TIA Transfer Objection 1: Objection by Delta Airlines, Inc. and the Post-Effective Date Committee to Certain Claims Asserted by Lone Star Air Partners LLC for Tax Indemnities with Respect to Aircraft N636DL, N637DL and N638DL [Dkt. No. 6324];

6. Response of the Ad Hoc Committee of Senior Secured Aircraft Creditors as Amicus Curiae Pursuant to 11 U.S.C. 1109(b) to TIA Transfer Objection 1: Objection by Delta Airlines, Inc. and the Post-Effective Date Committee to Certain Claims Asserted by Lone Star Air Partners LLC for Tax Indemnities with Respect to Aircraft N636DL, N637DL and N638DL [Dkt. No. 6337];

7. TIA Transfer Objection 1: Reply Memorandum of Delta Air Lines, Inc. and the Post-Effective Date Committee [Dkt. No. 6656];

8. SurReply of Lone Star Air Partners LLC to TIA Transfer Objection 1: Objection by Delta Airlines, Inc. and the Post-Effective Date Committee to Certain Claims Asserted by Lone Star Air Partners LLC for Tax Indemnities with Respect to Aircraft N636DL, N637DL and N638DL [Dkt. No. 6662];

9. Affidavit of David B. Gebler in Support of SurReply of Lone Star Air Partners LLC to TIA/SLV Transfer Objection 1 [Dkt. No. 6663];

10. Transcript of Hearing Held on September 7, 2007, regarding Motion of The Verizon Owner Participants to Intervene as A Party to Debtors TIA/SLV Objection No. 3; Objection by Delta Air Lines, Inc. and The Post-Effective Date Committee to Certain Claims Asserted by Lone Star Air Partners, LLC for Tax Indemnities With Respect to Aircraft N636DL, N367DL and N638DL [Dkt. No. 6686];

11. Post-Hearing Statement of Lone Star Air Partners LLC in Further Support of Response to TIA Transfer Objection 1 [Dkt. No. 6728].

31565954.DOC

**STATEMENT OF ISSUES PRESENTED ON APPEAL**

1. Whether the Bankruptcy Court erred as a matter of law in declining to consider extrinsic evidence, where the Tax Indemnity Agreements (the "TIAs") are ambiguous on their face, with respect to (i) the meaning generally of Section 7(a) of the TIAs, (ii) the meaning in particular of the phrase "the exercise of a remedy" as used in Section 7(a) of the TIAs, and (iii) the meaning in particular of the words "attributable to" as used in Section 7(a) of the TIAs.

2. Whether the Bankruptcy Court erred as a matter of law in holding that the sale by Lone Star to Vx Capital Partners of Lone Star's beneficial interest in the Trust Estate was not the exercise of a remedy available to the Owner Participant under Section 15 of each Lease in response to the occurrence of Delta's Lease Event of Default.

3. Whether the Bankruptcy Court erred as a matter of law in holding that the Indenture Trustee had not exercised any remedy pursuant to Section 15 of each Lease in response to the occurrence of Delta's Lease Event of Default.

4. Whether the Bankruptcy Court erred as a matter of law in holding that Lone Star's sale of its beneficial interests in the Trust Estate was not "attributable to" the exercise of a remedy available to the Owner Participant pursuant to Section 15 of the Lease" under Section 7(a) of the TIAs in response to the occurrence of Delta's Lease Event of Default.

Dated: New York, New York
       November 12 , 2007

Respectfully Submittted,

KAYE SCHOLER LLP

  /s/ Richard G. Smolev
Richard G. Smolev (RS 2222)
Piper A. Brock (PB 6335)
425 Park Avenue
New York, NY 10022
(212) 836-8000 (telephone)
(212) 836-8689 (facsimile)

*Counsel for Appellant*
*Lone Star Air Partners LLC*

31565954.DOC